UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 07-20944-CIV-JORDAN

FARMAMEDICA, S.A.,  )
  )
       Plaintiff,  )
  )
v.  )
  )
ANA ELOISA ALFARO DE MARON,  )
d/b/a COMBISA LABORATORIOS,  )
  )
       Defendant.  )
_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff, Farmamedica S.A. ("Farmamedica"), by and through its undersigned counsel, hereby files its response to Defendant's Motion for Relief from Judgment. Defendant is not entitled to the relief it requests for the following reasons: (1) Defendant's motion is untimely; (2) the Judgment entered by this Court is not premised on a jurisdictional error nor was there a due process violation and as such the judgment is not void; (3) Defendant authorized settlement of the above-captioned litigation; and (4) Defendant's claim, if any, lies against her former counsel. In support hereof, Farmamedica states as follows:

**BACKGROUND**

In 2005, Farmamedica commenced the above-captioned litigation because of Defendant's trademark infringement for the use of the trade name "SUPERVITAL FORTE". Through counsel, the parties had several exchanges in an attempt to settle the litigation. (Cruz Depo. pg. 18:1-6 attached hereto as Exhibit A). After little success in reaching an agreement on the terms

of a settlement, Defendant agreed to submit an Offer of Judgment to Plaintiff (Exhibit A, pg. 18: 3-11; 20-25), and did so on July 19, 2007. (Exhibit B). Plaintiff then accepted the offer by filing its acceptance with the Court. (D.E. 61). On August 29, 2007, based on the Plaintiff's acceptance of Defendant's Offer of Judgment, this Court entered a Permanent Injunction (D.E. 62) and Final Judgment (D.E. 63).

On September 4, 2007, Defendant filed a Motion for Relief from Judgment stating that the injunction contained a "mutual mistake". (D.E. 64). Under the Permanent Injunction as it was initially entered, Defendant would have been restricted from using any words in its advertising. (See D.E. 62, ¶ b). This was clearly not the intent of the parties as Plaintiff agreed to the relief sought in Defendant's motion. (D.E. 65). As such, on September 6, 2007, this Court entered an Amended Permanent Injunction and Amended Final Judgment against Defendant which corrected the typographical error in the initial Judgment. (D.E. 70 & 71). The Amended Final Judgment (hereinafter referred to as "the Judgment") enjoined and restrained Defendant from "directly or indirectly using the name 'SUPER VITAL FORTE'." (D.E. 70).

With knowledge of this Court's Order, on April 23, 2008, Defendant filed a trademark application with the United States Patent and Trademark Office seeking registration of "SUPERVITALFORTE" which was subsequently approved on August 25, 2009. (G. Maron Depo. pgs. 50:24-25; 51:1-3; 51:18-25; 52:1-2 attached hereto as Exhibit C; <u>see also</u> D.E. 134-1).

Upon discovery of Defendant's infringing mark, Farmamedica filed a motion for contempt on December 22, 2009. (D.E. 81). In its motion and memorandum of law, Farmamedica outlined Defendant's intentional and willful violation of this Court's Amended Permanent Injunction and Order. *Id.*

More than two years after this Court's Judgment and only in response to Farmamedica's Motion for Contempt, Defendant argued that she did not understand and/or authorize the Offer of Judgment. (D.E. 95). Furthermore, Defendant stated that whether the registration of "SUPERVITALFORTE" was done "with actual knowledge of the details of the amended injunction order, whether she was aware of the judgment at all, is an issue in dispute." [1] (D.E. 111). Due to Defendant's contention that she had no understanding and/or she had not authorized her former attorney to make an Offer of Judgment, Farmamedica moved for an evidentiary hearing and to conduct discovery. (D.E. 98). Thus, on March 2, 2009, this Court entered an order allowing the parties to conduct discovery and file appropriate motions at the conclusion of such discovery. (D.E. 105).

Defendant has now filed a motion for relief from judgment under Rule 60(b)(4) and 60(b)(6) (D.E. 131), Federal Rules of Civil Procedure, alleging that Defendant did not authorize its former counsel to serve an Offer of Judgment.

## SCOPE OF RULE 60(b)

Pursuant to Rule 60(b), Fed. R. Civ. P., a party may seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied released or discharged; or (6) any other reason that justifies relief. Pursuant to Rule 60(c), "[a] motion under Rule 60(b) must be made within *a reasonable time* – and for reasons (1), (2), and (3) no more than a year after the entry of

---

[1] As previously stated, Defendant has since testified that she did, in fact, have knowledge of the amended final judgment when it was entered and she understood the prohibitions of that judgment. (A. Maron deposition pgs. 46:21-25; 47:1; 18-23, attached as Exhibit D). In reading Defendant's motion for relief from judgment (D.E. 131), it is now clear that Defendant has chosen to abandon this argument.

3

the judgment or order or the date of the proceeding."[2] (emphasis added). Defendant has chosen to seek relief based on Rule 60(b)(4) and 60(b)(6).

It is well settled that courts will not disturb final judgments unless the moving party demonstrates the existence of extraordinary circumstances. *United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932). In order for Defendant to bring herself within Rule 60(b), "the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances....Once the movant has made such a showing, he must proceed to satisfy one or more of the rule's six grounds for relief from judgment...." *Jones v. City of Richmond*, 106 F.R.D. 485, 487 (E.D. Va. 1985) quoting *Werner v. Carbo,* 731 F.2d 204, 206-07 (4th Cir. 1984); see also *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (wherein the Court delineated seven factors in considering a motion under Rule 60(b)).

Defendant fails to make a satisfactory showing of the four elements outlined above. Defendant's motion is untimely such that Defendant seeks relief from judgment over two years after having knowledge of the Judgment and only after Farmamedica sought to enforce its rights under the Judgment. The Judgment entered by this Court is not void because it is not premised on a jurisdictional error nor was there a due process violation. Furthermore, Defendant knew of and authorized the submission of the Offer of Judgment to Plaintiff and Defendant therefore has no meritorious defense. (Exhibit A, pgs. 17: 8-10; 18:20-24). Plaintiff has relied on the injunction to protect infringement of its mark and has taken steps to follow up and ensure Defendant's compliance. Any relief under Rule 60(b) would cause an unfair prejudice to Plaintiff by requiring it to relitigate that which it believed was resolved over three years ago. (D.E. 81).

---

[2] Rule 60(b)(5) is not at issue in this litigation.

There are no exceptional circumstances to justify Defendant's motion at this late date. Accordingly, Defendant does not meet any of the threshold elements of a Rule 60(b) motion.

## ARGUMENT

**1. Defendant's Motion is Untimely.**

Although Defendant's motion is couched under Rule 60(b)(4) and 60(b)(6) such that it is not subject to the one year limitation for other relief under Rule 60, the motion must nevertheless be made within a reasonable time. Fed. R. Civ. P. 60(c); see also *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660 (1st Cir. 1990). What constitutes a reasonable amount of time depends on the facts of each case. *Id.* The relevant considerations include whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner. *Id.* at 661. Thus, a number of courts have held that a motion for relief from judgment is untimely when it is filed even less than two years after judgment. See *Neuberg v. Michael Reese Hosp. and Medical Center*, 166 F.R.D. 398 (N.D. Ill. 1996) (motion was untimely where movant filed almost twenty-one months after dismissal); *Robinson v. E.P. Dutton & Co.*, 45 F.R.D. 360 (S.D.N.Y. 1968) (court found delay of ten months "unreasonable and inexcusable"); *Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H.*, 324 F.2d 234 (2d Cir. 1963) (eight month delay inexcusable); *Ohliger v. United States*, 308 F.2d 667 (2d Cir. 1962) (four month delay inexcusable); *McCullough v. Walker Livestock, Inc.*, 220 F.Supp. 790 (W.D.Ark.1963) (two month, ten day delay inexcusable).

Furthermore, it is "well settled that failure to protest a settlement within a reasonable time, where allegedly the settlement was entered by the attorney without authority, works a ratification of the settlement since it is a client's duty, having actual or constructive knowledge of the settlement and its terms, to express his disapproval within a reasonable time." *Mungin v.*

*Florida E. Coast Ry. Co.*, 318 F. Supp. 720, 736 (M.D. Fla. 1970) *aff'd,* 441 F.2d 728 (5th Cir. 1971) (holding that a Rule 60(b) motion filed under the enumerated circumstances approximately five months after settlement was filed was untimely).

There is no dispute that Defendant knew of the Judgment shortly after it was entered. Defendant was notified by facsimile from its former counsel of the Judgment entered by this Court. (Exhibit A, pg. 28:2-9; Exhibit C, pg. 40:14-23; Exhibit D, pgs. 46:21-25 & 47:1). From the testimony of Mr. Maron, Defendant had actual knowledge of the Judgment on or about September 21, 2007. Only after Farmamedica filed its motion for contempt on December 22, 2009, did Defendant first assert her argument that the Judgment is void. Defendant has not provided any reason or excuse as to why she waited over three years to seek relief from judgment.

Defendant's motion for relief from judgment, having only been first asserted more than two years after knowledge of the Judgment and having been filed over three years from entry the Judgment, is clearly not made within a reasonable time. Consequently, relief is impermissible under Rule 60(b).

**2. The Judgment is Not Void.**

A judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process. *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990) <u>citing</u> *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979). A denial of due process occurs when a party is denied notice and an opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377,

6

176 L. Ed. 2d 158 (2010). A judgment is not void "simply because it is or may have been erroneous." *Id.* citing *Hoult v. Hoult,* 57 F.3d 1, 6 (1st Cir. 1995).

Defendant asserts that a due process violation occurs where a court has entered judgment on a settlement not properly authorized by law. (D.E. 131, pg. 17-18). However, the cases that Defendant cites are inapposite. *United States v. Beebe*, 180 U.S. 343 (1901) stands for the proposition that the United States is not bound by the unauthorized settlement of a claim by a U.S. Attorney and holds that "the judgment *may* be attacked and set aside *in an equitable action* upon the proof of necessary facts." 180 U.S. at 352 (emphasis added). *Creel v. Comm'r*, 419 F.3d 1135 (11th Cir. 2005) and *United States v. Pepper's Steel & Alloys, Inc.*, 720 F.Supp. 164 (S.D. Fla. 1989) also involve a question as to whether a government attorney has proper authority to settle a claim and thus bind the government. **In fact, nowhere in *Creel* or *Pepper's Steel* does the court even mention the principle of due process.** Defendant's reliance on the aforementioned cases as support for its assertion that a judgment based on an unauthorized settlement is a due process violation is, to say the least, imaginative and not found in case law.[3]

Next, Defendant asserts that the court is "powerless to enter" a judgment entered entirely on the basis of an invalid settlement and again cites to cases that are clearly off point. Defendant describes *Burke v. Smith*, 252 F.3d 1260 (11th Cir. 2001), which involves a settlement agreement with a minor, as "voiding a consent judgment on an invalid settlement agreement". However, what Defendant failed to reveal is that *Burke* involved an Alabama law in which a "fairness hearing" was required as a condition for entering into a settlement with a minor. *Id.* The court determined that the failure to hold a "fairness hearing" violated due process and rendered the

---

[3] Another case cited by Defendant for the same incorrect proposition, *Mitchell v. Hobbs*, 951 F.2d 417 (1st Cir. 1991), in fact relates to a motion filed under Rule 60(b)(6). The court affirmed a judgment wherein Defendant filed a belated post-judgment motion alleging that a consent judgment had been entered against him without his consent. The Court of Appeals thus affirmed the judgment holding that Defendant "utterly failed to demonstrate any extraordinary circumstance which would excuse his failure to take a timely appeal from the consent judgment." *Id.*

7

court "powerless to enter" the judgment. *Id.* This is clearly not the case here. Also not within hand grenade distance of the facts here is the last case cited by Defendant, *Dixon v. Kilgore*, 343 Fed. Appx. 530 (11th Cir. 2009). In *Dixon*, the court determined that a prisoner was not entitled to have an order dismissing his § 1983 action set aside on the basis of his claim that the judgment was void. In affirming the order, the court held that there was no indication of any insufficiency in service, and the district court did not act in a manner inconsistent with due process. *Id.* Defendant's flawed analysis of case law fails to demonstrate that an unauthorized settlement amounts to a due process violation.

Defendant's attempts to fit its argument under a violation of due process theory fail. The facts reveal that Defendant had notice of the Judgment and sat on its rights for over two years. It was not denied notice or an opportunity to be heard. Thus, the Judgment is not void for lack of due process and relief under Rule 60(b)(6) is impermissible.

**3. Defendant Authorized and Had Knowledge of the Offer of Judgment.**

Under Florida law, the party contending that the settlement is valid bears the burden of demonstrating that the other party's lawyer had "clear and unequivocal authority to enter into the settlement agreement." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994). In order to determine whether a client had given his attorney clear authority to settle the case, a court may consider: "1) whether the client knew his lawyer was in the process of negotiating a settlement; 2) whether and how many times the client met or spoke with his attorney while settlement negotiations were ongoing; 3) whether the client was present in the courtroom when the settlement was announced in open court; 4) whether the client immediately objected to the settlement; and 5) whether the client was an educated man who could understand the terms of the settlement agreement." *BP Products N. Am., Inc. v. Oakridge at Winegard, Inc.*,

469 F. Supp. 2d 1128, 1135 (M.D. Fla. 2007) citing *Murchison v. Grand Cypress Hotel Corporation,* 13 F.3d 1483, 1485-86 (11th Cir.1994).

Defendant knew that her attorney was in the process of negotiating settlement. (Exhibit A, pg. 17:11-25; 18:1-6). Such discussions are further reflected in Mr. Cruz's billing records. (Exhibit E). Moreover, Defendant authorized her husband, Mr. Maron, as manager of Combisa Laboratories, to communicate and make decisions regarding the litigation. (Exhibit D, pg. 36: 4-9). As such, Mr. Cruz discussed settlement possibilities with Mr. Maron and suggested to Mr. Maron that Defendant submit an Offer of Judgment of which Mr. Maron agreed. (Exhibit A, pg. 17: 8-10; 18: 20-24). This conversation is also highlighted in Mr. Cruz's invoices in which it states, "Telephone conference with G. Maron re status of the case and best way to proceed… Research offer of judgment in this connection." (Exhibit E). Mr. Maron also received a copy of the Offer of Judgment via e-mail from Mr. Cruz (Exhibit F) and was notified when the offer was accepted by Plaintiff. (See Exhibit E, "Review notice of acceptance by Farmamedica of Combisa's formal offer of judgment. Telephone Conference with Mr. Maron."; Exhibit A, pg. 22:8-18)). As illustrated, Defendant's former counsel communicated with Defendant, through her husband, on a number of occasions while settlement negotiations were ongoing thereby satisfying the first and second prong of the Court's analysis.

In regards to the third prong of the Court's analysis, the settlement was not announced in open court. However, where a settlement agreement was not announced in open court, but the party stood silent for just *two weeks* before objection to the agreement, the Court found that the Magistrate Judge did not err in finding that there was clear and unequivocal authority to settle the case. *BP Products*, 469 F. Supp. 2d at 1135. Here, Defendant stood silent for over two years.

Clearly, Defendant did not immediately object to the settlement as required in the fourth prong of the analysis.

Lastly, although Defendant is a Spanish speaking national, Defendant and her husband are both educated business people, having run Combisa Laboratories for approximately 40 years. (Exhibit C, pg. 9:5-25; 10:1-7; Exhibit D, pg. 11:1-8). Defendant and her husband are educated business people who understand the terms of the settlement agreement. Having satisfied the analysis set forth in *Murchison*, Mr. Cruz had clear and unequivocal authority to enter into a settlement agreement.

Mr. Cruz, an esteemed attorney admitted to the Florida Bar for twenty years, had no reason or personal motive to settle this litigation without his client's knowledge. (Exhibit A, pg. 160:13-16; Exhibit G). Mr. Cruz and Mr. Maron were in the habit of discussing and making decisions regarding the litigation via telephone and, as such, Mr. Cruz obtained Mr. Maron's authorization to proceed with the submission of an Offer of Judgment in the same manner. (Exhibit A, pg. 17:8-10; 18:20-24; Exhibit C, pg. 20:12-15). It should also be noted that Mr. Cruz outlined his steps in his billing invoices which were submitted to Defendant and which Defendant received on a monthly basis. (Exhibit C, pg. 47:4-8). Defendant did not dispute any of the invoices outlining the Offer of Judgment and paid all invoices due to Mr. Cruz.[4] (Exhibit D, pg. 38:17-24). Furthermore, Mr. Cruz submitted a copy of the Offer of Judgment to Defendant shortly after it was served to Plaintiff. (Exhibit F). Defendant did not respond in shock and ask why he would do such a thing without authorization, Defendant did not respond at all. In fact, after Judgment was entered against Defendant in the instant case, Defendant continued to retain Mr. Cruz as counsel in other matters. (Exhibit A, Cruz Depo. pg. 28:10-21). What's more,

---

[4] Mrs. Maron states that her husband may have disputed one invoice "because we didn't see any progress." (Exhibit D, pg. 38: 17-21).

Defendant even retained Mr. Cruz for his representation in this contempt proceeding and sent him a check as a retainer for such representation. (Exhibit C, pg. 33: 12-21). Only after Mr. Cruz moved to withdraw[5] from representation of Defendant explaining that "Mr. Maron has refused to follow the undersigned's legal advice and has repeatedly demanded that the undersigned follow a course of conduct which is unrealistic and contrary to Ms. Maron's interests as well as established principles of law" (D.E. 87) did Defendant then choose to assert her newfounded contentions for relief from judgment.

Taking Defendant's contentions as true for the moment – Defendant had no forewarning of the offer that was made and only knew of the judgment against her after it was entered - it begs the question – if Mr. Cruz really entered into an unauthorized settlement prompting a judgment against Defendant, why would Defendant continue to employ Mr. Cruz as counsel for other matters? Why would Defendant pay Mr. Cruz's invoices if he did not adequately and fairly represent Defendant, or did something he was unauthorized to do? And, why would Defendant, upon learning of Plaintiff's motion for contempt, choose to retain Mr. Cruz to represent her in this very matter once again?

Mr. Cruz had his client's clear and unequivocal authorization and submitted an Offer of Judgment on her behalf. Defendant had knowledge and did not dispute any of Mr. Cruz's actions for over two years. Defendant only chose to dispute the validity of this Judgment after she was caught violating it. Therefore, the Judgment against Defendant is valid.

**4. The "Mutual Mistake" Does Not Amount to Lack of Due Process.**

---

[5] Mr. Cruz was not fired, as Ms. Maron's declaration previously stated. (D.E. 94-1, pg. 4 ¶ 14; Exhibit D, pg. 62:10-12).

In its Rule 60(b)(4) motion, Defendant argues that the parties had made a mutual mistake as to a term of the injunction such that there was no meeting of the minds. (D.E. 131, pg. 13). However, even taking this allegation as true, it does not amount to lack of due process.

As previously discussed, a denial of due process occurs when a party is denied notice and an opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).

Defendant contends that the typographical error in the parties initial consent injunction amounts to a mutual mistake and that, upon learning of the mistake, Defendant's former counsel should have taken steps to set aside the entire settlement. (D.E. 131, pg. 15). However, the parties had a meeting of the minds and agreed to the substance of the injunction such that both parties stated that the error in the injunction did not demonstrate the parties' intent. (D.E. 64 and 65). What Defendant's present counsel is now suggesting, that Defendant's former counsel should have taken that opportunity to seek relief from the judgment, under the guise of a mutual mistake, simply because his client had a change of heart, would have been improper, bad faith and a fraud upon the court.

A court may set aside a settlement agreement based on clear and convincing evidence of overreaching, fraud, coercion, or deceit. *Wagner v. Mack*, 422 So. 2d 1045, 1046 (Fla. 4th DCA 1982). A court may not set aside a settlement agreement merely because one party subsequently becomes dissatisfied with its terms. For example, in *Clark v. School Board of Bradford County*, 2010 WL 4696063, at *6 (M.D. Fla. Oct. 13, 2010), the Court found that the plaintiff, who had signed a settlement agreement on her own volition and then moved to set aside the agreement based on alleged threats and coercion, merely had experienced a "change of heart over the dollar amount of the settlement" which did not justify setting aside the agreement. See also *Lopez v.*

*Kempthorne*, 2010 WL 4639046, at *4 (S.D. Tex. Nov. 5, 2010) ("If a party knowingly and voluntarily enters into a settlement, the agreement will not be voided because that party changes his mind later"); *Oaks v. City of Fairhope*, 515 F. Supp. 1004, 1033 (S.D. Ala. 1981) ("No matter how unjust one party may later come to regard the settlement, if it is free from fraud, it cannot be attacked").

Thus, when a typographical error was discovered in the initial injunction, Defendant's suggestion that its former counsel should have seized the opportunity to set aside the entire settlement is unsustainable. The parties did in fact have a meeting of the minds which was merely incorrectly reduced to writing and both parties agreed to the correction. (D.E. 64 and 65). Such a typographical error does not amount to a mutual mistake and certainly doesn't amount to lack of due process. Defendant's contention that the Judgment be set aside based on mutual mistake, under Rule 60(b)(4), fails.

**5. Defendant's Claim, If Any, Should Be Against Her Former Counsel.**

Defendant argues that its former counsel acted without its authority in submitting the Offer of Judgment. In essence, Defendant argues that Cruz failed to represent her interests. If Defendant's contentions are true, Defendant's proper remedy lies against Mr. Cruz.

Generally, coercion or negligent representation by a party's own attorney is insufficient to warrant setting aside a settlement agreement. For example, in *Peralta v. Peralta Food Corp.*, the court enforced a settlement agreement even though the defendant had signed it after receiving negligent legal advice from his attorney. 506 F. Supp. 2d 1274, 1283 (S.D. Fla. 2007). The court denied the defendant's motion to set aside the agreement and stated in its opinion that the defendant's "only remedy at this point, however difficult or illusory that may be, is to pursue [his attorney] in whatever lawful manner is appropriate to seek redress and compensation for his

failures in this case." *Id*. Similarly, in *Gilbert v. United States*, the United States Court of Appeals for the Second Circuit held that the appellant could not set aside a settlement agreement on the grounds that his attorney had coerced him into the agreement. 479 F.2d 1267, 1268 (2d Cir. 1973). The Court noted that "[e]ven if appellant had a claim against his own counsel for coercion or overbearing, this would not permit the settlement, one which is not claimed to have been unfair, here to be overturned." *Id*. See also *Mackool v. Clayton Homes, Inc.*, 2008 WL 5083849, at *2 (D. Nev. Nov. 5, 2008) ("coercion by one's own counsel alone does not justify setting aside a settlement that is not unfair"), adopted by 2008 WL 5109196 (D. Nev. Nov. 25, 2008).

Defendant freely chose its counsel and cannot thereafter avoid the consequences of her attorney's acts or omissions. See *In re Huff*, 118 B.R. 146, 148 (Bankr. S.D. Fla. 1990) citing *Link v. Wabash Railroad Company,* 370 U.S. 626, 633-634, 82 S.Ct. 1386, 1390-1391, 8 L.Ed.2d 734 (1962). As illustrated in a colloquy by the U.S. Supreme Court:

> Clients have been held to be bound by their counsels' inaction in cases in which the inferences of conscious acquiescence have been less supportable than they are here, and when the consequences have been more serious. Surely if a criminal defendant may be convicted because he did not have the presence of mind to repudiate his attorney's conduct in the course of a trial, a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant. Moreover, this Court's own practice is in keeping with this general principle. For example, if counsel files a petition for certiorari out of time, we attribute the delay to the petitioner and do not request an explanation from the petitioner before acting on the petition.

*Link v. Wabash R. Co.*, 370 U.S. 626, 649, 82 S. Ct. 1386, 1399, 8 L. Ed. 2d 734 (1962) (citations omitted).

If Defendant takes issue with her former counsel's conduct, she is not entitled to have the Judgment voided. Rather, Defendant must seek relief, if any should be had, against his former counsel.

### 6. Defendant Has Failed to Meet the Standard to Seek Relief Under Rule 60(b)(6).

In the alternative, Defendant requests relief under Rule 60(b)(6). However, relief from judgment cannot be obtained under rule 60(b)(6) unless the movant can demonstrate that "extraordinary circumstances" prevented a timely appeal. *Ackermann v. United States*, 340 U.S. 193, 197-202, 71 S.Ct. 209, 211-214, 95 L.Ed. 207 (1950); see also *In re Hansen*, 391 B.R. 896, 900 (Bankr. M.D. Fla. 2008) quoting *In re Bott*, 03.2 I.B.C.R. 125, 126 (Bankr.D.Idaho 2003) (the moving party must show that "circumstances beyond its control prevented timely action to protect its interests. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).").

Defendant "utterly failed to demonstrate any extraordinary circumstance which would excuse his failure to take a timely appeal from the consent judgment." *Id*. Where, as here, Defendant was informed of the consent judgment within the time to appeal, the Court denied Defendant's relief under Rule 60(b)(6). *Id*. Therefore, Defendant's contention is not only untimely; there are no extraordinary circumstances which would warrant relief under the Rule.

Furthermore, if Defendant is attempting to assert attorney negligence as an extraordinary circumstance, such relief is foreclosed by precedent. In S*olaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986), the Eleventh Circuit held that claims of attorney error must be made under the more specific Rule 60(b)(1), rather than under the "residual equitable authority" contained in Rule 60(b)(6). As such, although 60(b)(6) provides a

residual equitable authority for vacating judgments, the Eleventh Circuit has consistently held that 60(b)(1) and (b)(6) are mutually exclusive. *Id.* Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1). *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) citing *Hall v. Alabama,* 700 F.2d 1333, 1338 (11th Cir.), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *Gulf Coast Building & Supply Co. v. International Brotherhood of Electrical Workers,* 460 F.2d 105, 108 (5th Cir.1972).

There are no extraordinary circumstances outlined by Defendant justifying relief under Rule 60(b)(6) that could not have been brought by a timely appeal or timely motion under Rule 60(b)(1). Thus, Defendant's motion relief under Rule 60(b)(6) fails.

## CONCLUSION

Defendant's motion to set aside is untimely. Defendant has waited more than two years to seek relief from judgment and did so only after Plaintiff sought to enforce its rights under the Judgment.

Furthermore, Defendant authorized its former counsel to submit an Offer of Judgment. If Defendant believes that the entry of the consent decree was due to improper conduct of her former counsel, her remedy is against her former counsel. Attacking the judgment herein is improper. As such, Defendant's motion under Rule 60(b)(4) and 60(b)(6) is improper and thus fails.

WHEREFORE, for all of the above reasons, Plaintiff Farmamedica, S.A., respectfully requests that the Court deny Defendant's motion for relief from judgment.

Dated: March 3, 2011

>Respectfully submitted,
>
>**SANDLER, TRAVIS & ROSENBERG, P.A.**
>
>*s/ Michelle L. Mejia*
>Michelle L. Mejia
>Email: mmejia@strtrade.com
>Florida Bar No. 0027074
>Sandler, Travis & Rosenberg, P.A.
>1000 Northwest 57th Court, Suite 600
>Miami Florida, 33126
>Phone:   (305)-913-8651
>Fax:      (305)-267-5155
>*Attorneys for Farmamedica, S.A.*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

>By: *s/ Michelle L. Mejia*
>Michelle L. Mejia
>Florida Bar No. 0027074

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 07-20944-CIV-JORDAN

FARMAMEDICA, S.A.,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )
                                  )
ANA ELOISA ALFARO DE MARON,       )
d/b/a COMBISA LABORATORIOS,       )
                                  )
            Defendant.            )
_____

**SERVICE LIST**

Stephen D. Milbrath
Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
255 South Orange Avenue
Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
smilbrath@addmg.com
Telephone: 407-841-2330
Facsimile:  407-841-2343

Robert H. Thornburg
Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
777 Brickell Avenue
Suite 1114
Miami, FL 33131
rthornburg@addmg.com
Telephone: 305-374-8303
Facsimile:  305-374-8306